Michael E. Allen
NAME
H-42389
PRISON NUMBER
P.O. Box 5002
CURRENT ADDRESS OR PLACE OF CONFINEMENT
CALIPATRIA, CALIF. 92233
CITY, STATE, ZIP CODE

FILED
2008 FEB 22 PM 3:36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY RM

2254    1983
FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ___
COPIES SENT TO
Court ___ Pros ___

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Michael E. Allen                    ,
(FULL NAME OF PETITIONER)
                        PETITIONER

            v.

Gilbert Otero / Steven Van Decker,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

                        RESPONDENT
            and

Imperial County District Attorneys
Office. Jerry Brown        ,
The Attorney General of the State of
California, Additional Respondent.

Civil No

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

'08 CV 0351 W JMA

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
Imperial County Superior Court

2. Date of judgment of conviction: September 6, 2007

3. Trial court case number of the judgment of conviction being challenged: _____
EMH00214 / JCF-19796

4. Length of sentence: found legally mentally incompetent.

CIV 68 (Rev. Jan. 2006)                                        CV

5. Sentence start date and projected release date: *when competent to stand fce Trail*

6. Offense(s) for which you were convicted or pleaded guilty (all counts): *fund Legally mentally Incompetent to Stand fce trail*

7. What was your plea? (CHECK ONE)
   (a) Not guilty   ☒
   (b) Guilty       ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury       ☐
   (b) Judge only ☒

9. Did you testify at the trial?
   ☐ Yes  ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: *January 2008*          *EXHIBIT #A Attached pg# 10*
    (b) Date of result (if known): *Denied*
    (c) Case number and citation (if known): *D052197*
    (d) Names of Judges participating in case (if known)_____

    (e) Grounds raised on direct appeal: *Prosecutor Misconduct Eavesdropping on Attorney & Client privilege communication*

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: *february 13, 2008  Denied*      *Exhibit #A Attached pg#10*
    (b) Date of result (if known): *february 13, 2008*
    (c) Case number and citation (if known): *S160130*

    (d) Grounds raised: *Prosecutor Misconduct eavesdropping on Attorney & client privilege communication*

2

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known): S160130

    (b) Nature of proceeding: Petition for Review

    (c) Grounds raised: Prosecutor Misconduct Eavesdropping on Attorney Client priviledge communication

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e) Result: February 13, 2008 Denied  Ex#A Attached pg#10

    (f) Date of result (if known): February 13, 2008

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known): D052197

    (b) Nature of proceeding: WRIT of Mandate

    (c) Names of Judges participating in case (if known)

    (d) Grounds raised: PROsecutor Misconduto eavesdropping on my Attorney and client communicaten

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (f) Result: Denied

    (g) Date of result (if known): January 2008

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☒ Yes  ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known): S160130

    (b) Nature of proceeding: Petition for Review  EXHIBIT#A

    (c) Grounds raised: PROsecutor Misconduct eavesdropping on my Attorney and client communication

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☒ No

    (e) Result: Denied

    (f) Date of result (if known): February 13, 2008

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
     ☒ Yes ☐ No     (IF "YES" SKIP TO #22)
     (a)  If no, in what federal court was the prior action filed? _____
          (i)  What was the prior case number? _____
          (ii)  Was the prior action (CHECK ONE):
                ☐ Denied on the merits?
                ☐ Dismissed for procedural reasons?
          (iii)  Date of decision: _____
     (b)  Were any of the issues in this current petition also raised in the prior federal petition?
          ☐ Yes ☐ No
     (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
          ☐ Yes ☐ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:**  In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court.  This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:**  If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:**  You must state facts, not conclusions, in support of your grounds.  For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do.  A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

— VIOLATION OF CONSTITUTION —

(a) **GROUND ONE** Prosecutor Misconduct Eavesdropping on Attorney : Client Communication, PRIVILEGE COMMUNICATION THE PROSECUTOR AND ITS INVESTIGATIVE AGENCY

Supporting FACTS: The Imperial county Prosecutor and The investigating Agency California Department of corrections, Calipatria correctional officers be intentionally eavesdropping on Attorney and client communication. This is a wide spread illegal and wrongfull custom and practice in the Imperial county Superior cart, in El centro, Department #5, when there is 15 to 20 employees and coworkers of the Prosecutors Investigative Agency 15 to 20 employees, coworkers, correctional officers 2 to 3 feet away eavesdropping on Attorney and client privilege communication. Ex #1 Declaration of Jorge Guadarrama; Exhibit #2 Declaration of witness Jerome G. Jeter, Raymond Vailuu, and Mauro Ruiz all under the penalty of Perjury.

(2) Calipatria state Prison which is part of Department of corrections have a Hybrid status thats part of Imperial county District Attorney's Investigating Agency Thats well established in People v. Superior court "Barret" Cal. App. 4th Dist. 2001" 80 Cal. App. 4th 1305, 96 Cal. Rptr. 264, 271 N. 21. The prosecution team includes both investigative : Prosecutorial Agencies and personell.

Did you raise **GROUND ONE** in the California Supreme Court?

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review

(2) Case number or citation: S160130

(3) Result (attach a copy of the court's opinion or order if available): Denied

(3)   The Imperial County District Attorney is using the courtroom of Imperial County Superior Court, Department #5, which is very small to intentionally and surreptitously listen and eavesdropp upon defendants Attorney and client conversation through and by the way of the Investigative Agency Calipatria State Prison correctional officers. Ex#. 1  Ex# 2 Declarations.

(4)   The Prosecutor is orchestrating and eavesdropping on privilege Attorney and client communication between defendants and Attorneys Resulting in the Acquisition of confidential information and deletion of inmate witnesses names and CDC numbers in the crime Incident Report Exhibit #3.

(5)  This is a very unique Habeas Corpus in which California Department Corrections Calipatria State Prison Investigative Agency filed charges on me To Imperial County District Attorneys offices which indicted me at a Grand Jury Hearing and every time I Attend Imperial County Superior Court the Investigative Agency force me to sit in the courtroom Jury Box to engage in Attorney and client privilege communication in front of the Investigative Agency 2 to 3 feet Away and the Prosecutor 6 to 8 feet Away from the Jury Box listening and smiling.

(6)  Imperial County Superior Court El Centro Department #5 Have a designated Room for Attorney & client privilege communication that is not utilized.

(7)  I have a Right to Attorney and client privilege communication free from the Prosecutor and its Investigative Agency eavesdropping which is making me choose between Constitutional Right to Remain silent under the 5th Amendment of the U.S Constitution or incriminate myself and I have the Right to Attorney and client communication, no one should have to choose between Constitutional Rights thats guaranteed.

(8)  I inform the psychiatrist and psychologist of the eavesdropping by Imperial County Prosecutor and its investigative Agency Calipatria correctional

- 7 -

officers and How this is all conducted in the presents Imperial County court Judge, and Petitioner was Declared Mentally incompetent <u>Exhibit # 4.</u> for I choose the Right to Remain silent and not incriminate myself.

(9) On November 22, 2007 there was a confidential Informant in the Jury Box Also listing to Attorney and Client communication with the Nickname 'Boo-Boo' who is not only a confidential Informant but also debrief with Prosecutor investigating Agency CDC.

(10) Imperial County District Attorney and its Investigative Agency Calipatria State Prison correctional officers are eavesdropping on Attorney and client Privilege communication which is the oldest Privilege Known to common law Protected under the 1st Amendment Right to the U.S. Constitution.

## - CASE LAW IN SUPPORT -

Where the Prosecutor orchestrates an eavesdropping upon privileged Attorney-Client communication in the courtroom and Acquires confidential Information, the courts conscience is shocked and dismissal is the Appropriate Remedy. Even when the issue is narrowed to a Sixth Amendment violation, dismissal is still Appropriate because here there is a substantial threat of demonstrable prejudice "as a matter Law. <u>United States v. Morrison</u> (1981) 449 U.S. 361, 365, 101 S.Ct. 665 66 Led 2d 564, 569.

Government may not covertly intercept or overhear conversation between and Accused and his counsel. <u>In Re Benny</u> "N.D. Cal. 1983' 29. B.R. 754.

Petitioner established Right to Attorney and client Privilege communication and showed a Prima facie showing of the states eavesdropping on Attorney and client Privilege conversation than the burden shifts to the prosecution to prove legality of its conducts. <u>People v. Jordan</u> " App 1 Dist. 1990 " 266 Cal. Rptr. 86 217 Cal. App. 3d 640.

Prosecutor may not use the courtroom as a place to intentionally and surreptitiously listen and eavesdrop upon defendants conversation with his Attorney and indeed eavesdropping on Attorney and Client is inappropriate Anywhere and can not be tolerated. MORROR v. Superior Court "App. 2 Dist. 1994' 36 CAL. Rptr. 2d 210, 30 CAL. App. 4th 1252.

## — RELIEF —

(a) order to show cause be issued with a full evidentiary Hearing on the Prosecutions and Its Investigating Agency utilizing the courtroom as a place to listen and eavesdrop upon Attorney and Client privilege conversation Resulting in the Acquistion of confidential information and is dismissal of charges and indictment Appropriate.

(b) The court order such other or further Relief as may be Appropriate in the interest of Justice.

Dated: 2-20-08

written for:

_Michael S. Allen_
Michael E. Allen

## — VERIFICATION —

The foregoing is true and correct under the penalty of Perjury under the Laws of the state of California. Executed this February 20, 2008, Imperial County.

_Michael S. Allen_
Declarant

EXHIBIT #A

Court of Appeal, Fourth Appellate District, Div. 1 - No. D052197
**S160130**

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

MICHAEL E. ALLEN , Petitioner,

v.

SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

The application for stay and petition for review are denied.

SUPREME COURT
**FILED**

FEB 1 3 2008

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

EXHIBIT #1

10

## DECLARATION IN SUPPORT OF STATEMENT
## IN SUPPORT OF MICHAEL E. ALLEN, CAUSE OF ACTION

I, JORGE GUADARRAMA DECLARE:

I OBSERVED AND WITNESSED AS A PRISONER ATTENDING IMPERIAL COUNTY SUPERIOR COURT, EL CENTRO, AS A CALIPATRIA STATE PRISON, PRISONER I SEEN MICHAEL E. ALLEN'S, ATTORNEY ALLOWING ATTORNEY AND CLIENT COMMUNICATION IN THE COURTROOM JURY BOX, IN THE PRESENCE OF 15 TO 20 CALIFORNIA DEPARTMENT OF CORRECTIONS PEACE OFFICER'S 2 TO 3 FEET AWAY EAVESDROPPING ON ATTORNEY AND CLIENT COMMUNICATION, WITH TIMOTHY J. REILLY, DEPUTY PUBLIC DEFENDER NOT TAKING ANY ACTION TO PREVENT EAVESDROPPING, BY INVESTIGATING AGENCY C.D.C.R, CALIPATRIA PEACE OFFICER'S. THIS IS A WIDE SPREAD PROBLEM WITH ALL PRISONER'S AT CALIPATRIA STATE PRISON, WE DO NOT HAVE ANY PRIVACY FOR ATTORNEY AND CLIENT COMMUNICATION. THIS EXTENDS TO ATTORNEY AND CLIENT VISITS AT CALIPATRIA STATE PRISON, WHEN PRISONER'S IN ADMINISTRATION SEGREGATION MUST DISCUSS ATTORNEY AND CLIENT INFORMATION OVER INMATE MONITER TELEPHONES WITH THE INVESTIGATING AGENCY C.D.C.R EAVESDROPPING, THE SAME AGENCY THAT FILED CHARGES, AND HAVE A DISTRICT ATTORNEY'S LIAISON OFFICE WITH IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE.

TIMOTHY J. REILLY, AND OTHER ATTORNEY'S ALLOWED THIS ATTORNEY AND CLIENT VIOLATION'S NOT PROTECTING CLIENT RIGHT'S.

SOMETYPE OF INJUNCTION AND DECLARATORY RELIEF IS NEEDED TO PREVENT THE ABOVE, A CLEAR VIOLATION OF RIGHT'S.

## VERIFICATION

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA. EXECUTED THIS TWENTYNINTH DAY OF OCTOBER, 2007, CALIPATRIA, CALIFORNIA.

RESPECTFULLY SUBMITTED,

DECLARANT

23

EXHIBIT # 2

DECLARATION IN SUPPORT OF STATEMENT
OF MICHAEL E. ALLEN'S CAUSE OF ACTION

I, Below witness, Declare:

ON NUMEROUS OCCASSIONS while Attending Imperial County Superior Court in El Centro, as a Calipatria State Prison Prisoner, I notice during Attorney and client communication in the Jury Box of the courtroom. There is 15 TO 20 Calipatria Department of Corrections Peace officer's 2 to 3 feet away eavesdropping over hearing attorney and client communication when CDCR Peace officers are the investigating Agency. This breach of Attorney and client communication extends to the Attorney & Client visits at Calipatria State Prison, when Administration Segregation Prisoners must discuss Attorney and client information over a inmate monitee telephone. monitored by the Investigating Agency CDCR Calipatria. the same Investigating Agency CDCR that filed charges and have a District Attorney's Liaison office with the Imperial County District Attorney's office's.

Prisoners have a Right to Attorney & Client communication and I have witness this Right under Pen. Code 2601 is not being protected by Attorney's and Attorney's turning a blind eye and some type of Injunction and Declaratory Relief is need to prevent the above violations of Rights.

Dated: 10-29-07    Respectfully submitted,    Respectfully submitted.

JEROME GENE JETER (#J-18281)    Raymond VaiLuu #P-50T
name    name

name MAURO RUIZ #ES0797    name _____

name _____    name _____

— VERIFICATION —

I declare under the Penalty of Perjury the foregoing is true and correct under the laws of the State of California. Executed this 29th Day of October 2007, Calipatria, California. Imperial county.

Submitted Signatures

Jerome H. Jeter    Raymond VaiLuu #P50778
Declarant    Declarant

25

EXHIBIT #3

13

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# CRIME / INCIDENT REPORT
## PART C- STAFF REPORT
CDC 837-C (Rev. 09/03)

PAGE _____ OF _____

| INCIDENT LOG NUMBER | | |
|---|---|---|
| CAL-FBY-05-04-0239 | | |
| DATE OF INCIDENT | | TIME OF INCIDENT |
| 04-25-05 | | 1035 |

| NAME: LAST | FIRST | MI |
|---|---|---|
| Ryan | Manuel | E |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 020081 | Facility D Lieutenant | 17 YR 9 MO. | 04-25-05 | Facility B |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE | ☐ N/A |
|---|---|---|---|---|
| T-F | 06-14 | Attempted Murder on a | 3005(c) | |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | | |
| ☒ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU | | |
|---|---|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | TYPE: | NO: | NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC _____ | 37 MM _____ | _____ | 9 MM _____ |
| ☒ NONE | ☐ 38 CAL | ☐ CN _____ | L8 _____ | _____ | 38 CAL _____ |
| **FORCE OBSERVED BY YOU** | ☐ SHOTGUN | ☐ CS _____ | 40 MM _____ | _____ | MINI-14 _____ |
| ☐ WEAPON | ☐ 37 MM ☐ L8 | ☐ OTHER:_____ | 40 MULTI _____ | | |
| ☐ PHYSICAL | ☐ 40 MM ☐ 40 MULTI ☒ N/A | | | ☒ N/A | |
| ☐ NONE | ☐ HFWRS ☐ BATON | | SHOTGUN _____ | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☐ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

**NARRATIVE:**

On Monday April 25, 2005 while attending a Use of Force Meeting at Wardens Conference Room, I responded to a code 3 alarm on Facility B. Upon arriving on B Facility I observed all inmate on yard 1 & 2 down Emergency Response Staff had the situation Under Control (Lt. M. Greenwood) I reported to the incident commander and asked if he needed my assistance, Lt Green wood asked if I would assist in Locking up 4/4 1 & 2, I then reported to yard 1 and assisted Sgt 4 Aguirre supervise the lock →P of inmates Returning

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | LT | 34094 | 174 2967 | 4-25-05 |
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
| | 4-28-05 | ☒ YES ☐ NO | ☐ YES ☒ NO | 4-28-05 |

Distribution:    Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

29

EXHIBIT #4

RECEIVED

AUG 0 3 2007

PUBLIC DEFENDERS

# IMPERIAL COUNTY BEHAVIORAL HEALTH SERVICES

### Adult Outpatient Clinic

### 120 NORTH EIGHTH STREET ♦ EL CENTRO, CA 92243 ♦ (760) 482-4087

## P.C. 1369 Mental Health Competence Evaluation

NAME: Michael Allen

CASE NUMBER: JCF19796

REPORT DATE: 7.31.07

REPORT DUE: ASAP

**REASON REFERRED:** This evaluation was ordered to aid the Court in determining the defendant's mental competence.

**METHODS OF EVALUATION:** For the purposes of this evaluation the following sources of information were used:

- The court's Order of 6.21.07
- Evaluation of the defendant at Imperial County Jail on 7.31.07 of approximately 30 minutes
- Approximately 113 pages of CDRC reports

**WAIVER:** Before beginning this examination the defendant was informed that the Court had ordered an evaluation of the defendant's mental competence, and that the Court would be provided with a report of the undersigned's findings. The information provided by the defendant, therefore, was not to be considered private or confidential in the usual doctor-patient sense. The defendant appeared to understand the limitations to privacy, and gave permission to proceed on that basis.

**BACKGROUND:** The defendant is an African-American male of indeterminate age who is charged with one felony count of Custodial Possession of a Weapon arising from events reported to have occurred in a State Prison on April 25, 2005.

**MENTAL STATUS DURING INTERVIEW:**

Appearance and Behavior: The patient was a well-developed male of apparent African-American extraction, and of average height and weight. He was appropriately dressed and groomed, and he was free from any easily recognizable impairment. He sat quietly, made good eye contact, and he was cooperative throughout the interview.

Speech Characteristics and Thought Process: The patient spoke in a normal tone of voice, with spontaneity, but he needed much prompting and redirection to expand on responses. His rate of speech was average. His thought process was tangential.

Thought Content: The patient's thought content was apparently free from preoccupations, obsessions, and suicidal/homicidal ideation, plans or intent.

Perception: The patient denied auditory and visual hallucinations and other perceptual abnormalities.

Mood and Affect: In the context of this semi-structured clinical interview, the patient's affect was appropriate with respect to speech content and his life situation, restricted, and lacking in facial animation.

Sensorium, Cognitive Functioning and Insight: The patient appeared alert, with a stable level of consciousness throughout the interview, and was oriented as to person, place, and reason for the interview. His intelligence and insight seemed below average compared to peers with similar cultural, socioeconomic and educational backgrounds.

Mental Health Competency Evaluation                                             p.2
Michael Allen (Case No. JCF19796)

COMPETENCY: The defendant's responses to the questions of the semi-structured "competency assessment instrument" suggested the following. The defendant does not have the capacity to understand the charges; the ability to understand the purpose of the criminal process and the adversary system; the ability to recognize his own situation as defendant; the ability to work with his/her attorney; nor the ability to relate pertinent facts or other information to assist counsel in presenting a defense.

FINDINGS:

- Due to a mental disorder the defendant is unable—by his own admission—to understand the nature and purpose of the proceedings.
- The defendant is unable to cooperate with his attorney in presenting his defense because he does not trust attorneys or judges.
- Treatment with antipsychotic medication is medically appropriate and necessary to help restore the defendant to mental competence, and to maintain his competence.
- The defendant does have the capacity to make decisions regarding antipsychotic medication, since he does have the necessary psychological maturity or insight to recognize he has a serious psychiatric condition.
- The defendant should be evaluated by a psychiatrist to determine if antipsychotic medication is appropriate.
- The undersigned psychiatrist has evaluated the defendant to determine if antipsychotic medication is appropriate.
- If the defendant is not treated with antipsychotic medications, it is possible that serious harm to the physical or mental health of the defendant will result.
- Administration of psychotropics is likely to render the defendant competent to stand trial.
- Less intrusive treatment would be unlikely to have substantially the same results.
- Antipsychotic medication is in the defendant's best medical interest in light of his medical condition.
- The defendant is not a danger to self or others.

Respectfully submitted:


_____                    _____
Louis Blumberg, Ph.D.                                  Alvaro Camacho, M.D.
Supervising Clinical Psychologist                          Psychiatrist
(Calif. License PSY5338)                               (Calif. License A75737)

18

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: _____

(b) Case Number: _____

(c) Date action filed: _____

(d) Nature of proceeding: _____

_____

(e) Name(s) of judges (if known): _____

(f) Grounds raised: _____

_____

_____

_____

_____

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: _____

(b) At arraignment and plea: Donald L. Scoville, Attorney 1005 State street, El Centro, Calif. 92244 (760) 352-3130 And is a witness!

(c) At trial: _____

_____

(d) At sentencing: _____

_____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☑ Yes   ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes   ☑ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

_____

(b) Give date and length of the future sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes   ☑ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☑ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

CIV 68 (Rev. Jan. 2006)

-18-

cv

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
_February ac, 2008_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_2/18/08_                    _____
(DATE)                       SIGNATURE OF PETITIONER

# *VERIFICATION*

## STATE OF CALIFORNIA
## COUNTY OF IMPERIAL

### (C.C.P. SEC.446 & 201.5; 28 U.S.C. SEC. 1746)

I, _____ DECLARE UNDER PENALTY OF PERJURY
THAT: I AM THE _____ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _____ DAY OF: _____ 20 ___ AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002

*(SIGNATURE)* _____
(DECLARANT/PRISONER)

## *PROOF OF SERVICE BY MAIL*

### (C.C.P. SEC.1013 (a) & 2015.5; 28 U.S.C. SEC.1746)

I, Michael G. Allen AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA. I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM / NOT
A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002.
CALIPATRIA, CALIFORNIA #92233-5002.

ON 2/20/08 20___ I SERVED THE FOREGOING: Petition for writ
of Habeus Corpus

### *(SET FORTH EXACT TITLE OF DOCUMENTS SERVED)*

ON THE PARTY (S) HEREIN BY PLACING A TRUE COPY (S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S),
WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED
AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA #92233-5002.

Imperial County District Attorney Office
940 W. Main Street
El Centro, Calif 92243

Jerry Brown, Attorney General
Office of Attorney General
110 West A Street, Suite# 1100
San Diego, Calif 92101

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 2/20/08 _____     _____
(DECLARANT/PRISONER)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254    1983

**FILED**

2008 FEB 22 PM 3: 36

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ RM _____ DEPUTY

**I (a) PLAINTIFFS**

Michael E. Allen

| FILING FEE PAID | |
|---|---|
| Yes | No ✓ |
| IFP MOTION FILED | |
| Yes | No |
| COPIES SENT TO | |
| Court ___ Judge | |

**DEFENDANTS**

Otero, et al

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Imperial
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Michael E. Allen
PO Box 5002
Calipatria, CA 92233
H-42389

**ATTORNEYS (IF KNOWN)**

'08 CV 0351 W JMA

---

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

## 28 U.S.C. 2254

---

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

---

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ _____

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   Docket Number _____

DATE   February 22, 2008

SIGNATURE OF ATTORNEY OF RECORD
R. Allen