FILED

2008 MAR 11 PM 3:51

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY RM DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. ALLEN,<br><br>　　　　Petitioner,<br><br>v.<br><br>GILBERT OTERO, et al.,<br><br>　　　　Respondents. | Civil No.　08-0351 W (JMA)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

　　　　Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## REQUEST TO PROCEED IN FORM PAUPERIS

　　　　Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

　　　　Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having

custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "The 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner incorrectly named "Gilbert Otero," "Steven Van Decker," "Imperial County District Attorney's Office," and "Jerry Brown, Attorney General," as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden *currently* in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the Petition must be dismissed for failure to name a proper respondent.

## PROPER CAUSE OF ACTION

Finally, it is unclear from the Petition whether Petitioner is pursuing a remedy through the appropriate habeas corpus statute. Petitioner states that he was found incompetent to stand trial. (See Pet. at 1.) He has also attached a mental health evaluation, dated July 31, 2007, concluding that Petitioner was incompetent to stand trial. (*See* Pet pg 15-16.) Thus, it is unclear from his Petition, whether he has been convicted in state court. (*See* Pet. at 1.) Although Petitioner has filed his Petition under 28 U.S.C. §2254, because it appears he may be a pretrial detainee, he is not being held "pursuant to a judgment of a state court." 28 U.S.C. § 2254. Accordingly, his Petition falls under 28 U.S.C. § 2241. *McNeely v. Blanas*, 336 F.3d 822 (9th Cir 2003) (construing petition filed under §2254 by a pretrial detainee who had been found incompetent to stand trial, as a petition under § 2241); *see also Braden v. Judicial Circuit Court*, 401 U.S. 484, 503 (1973) (Rehnquist, J., dissenting) ("Section 2254 pertains only to a prisoner in custody pursuant to a judgment of conviction of a state court. . . . The issue here is whether habeas corpus is warranted under §2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding.)

## CONCLUSION

Based on the foregoing, Petitioner's application to proceed in forma is **GRANTED**. However, his Petition is **DISMISSED** for failing to name a proper Respondent. Moreover, it is not clear that 28 U.S.C. § 2254 is the proper statute under which to pursue habeas relief. If, as Petitioner states, he has not been convicted in a state criminal proceeding, but rather has been determined to be incompetent to stand trial and thus is being held as a pre-trial detainee, the proper action is a petition for habeas corpus under 28 U.S.C. § 2241.

Therefore, if Petitioner wishes to pursue his case under § 2254, he must, **no later than May 5, 2008**, file a First Amended petition naming a proper respondent and making it clear that he has suffered a state court criminal conviction. On the other hand, if Petitioner is, in fact, a pre-trial detainee, he must file a new petition with this Court under 28 U.S.C. § 2241. *For Petitioner's convenience, the Clerk of Court shall attach to this order, a blank First Amended Petition pursuant to 28 U.S.C. § 2254 and a blank form Petition pursuant to 28 U.S.C. § 2241.*

**IT IS SO ORDERED.**

DATED:  3/10/08

Thomas J. Whelan
United States District Judge