MICHAEL E. ALLEN
NAME
H-42389
PRISON NUMBER
Calipatria State Prison
P.O. Box-5002
CURRENT ADDRESS OR PLACE OF CONFINEMENT

CALIPATRIA, CALIF. 92233
CITY, STATE, ZIP CODE

FILED

2008 JUN 23  PM 3:31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**NUNC PRO TUNC**

# UNITED STATES DISTRICT COURT  JUN 11 2008
## SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL E. ALLEN ,
(FULL NAME OF PETITIONER)
          **PETITIONER**

v.

LARRY SCRIBNER, WARDEN ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

          **RESPONDENT**
and

EDMOND G. BROWN ,
The Attorney General of the State of
California, Additional Respondent.

Civil No. 08CV0351 W(JMA)
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

# FIRST AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
Imperial County Superior Court _____

2. Date of judgment of conviction: September 6, 2007 _____

3. Trial court case number of the judgment of conviction being challenged: EMI00214
IN THE MATTER OF MICHAEL E. ALLEN

4. Length of sentence: 3 years _____

CIV 68 (Rev. Jan. 2006)

CV

5.  Sentence start date and projected release date: Sept. 6, 2007 To Sept. 6 2010

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): Assault & Battery and committed to Mental Health Facility

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty            ☒
    (b)  Guilty               ☐
    (c)  Nolo contendere      ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury        ☐
    (b)  Judge only  ☒

9.  Did you testify at the trial?
    ☐ Yes  ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: Denied
    (b)  Date of result (if known): December 21, 2007
    (c)  Case number and citation (if known): D052197
    (d)  Names of Judges participating in case (if known) Justices Nares, McDonald and Irion
    (e)  Grounds raised on direct appeal: Prosecutor Misconduct and Its Investigating Agency Eavesdropping on Attorney & Client Privilege Communication Violations of 5th, 6th & 14th Amendment and 1st.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: February 13, 2008  Denied
    (b)  Date of result (if known): Feb. 13, 2008
    (c)  Case number and citation (if known): S160130

    (d)  Grounds raised: Prosecutor Misconduct and Its Investigating Agency Eavesdropping on Attorney & Client Privilege Communication Violation of 1st, 5th, 6th and 14th Amendment

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result (if known): _____

    (c) Case number and citation (if known): _____

    _____

    (d) Grounds raised: _____

    _____

    _____

    _____

    _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes  ☒ No

15. If your answer to #14 was "Yes," give the following information:

    (a) **California Superior Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes  ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number (if known):_____

    (b) Nature of proceeding: _____

    (c) Names of Judges participating in case (if known)_____

    _____

    (d) Grounds raised: _____

    _____

    _____

    (e) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (f) Result: _____

    (g) Date of result (if known): _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number (if known):_____

    (b) Nature of proceeding: _____

    _____

    (c) Grounds raised: _____

    _____

    _____

    _____

    _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes ☐ No

    (e) Result: _____

    (f) Date of result (if known): _____

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
　　☒ Yes ☐ No　　(IF "YES" SKIP TO #22)

　　(a) If no, in what federal court was the prior action filed? _____

　　(i) What was the prior case number? _____

　　(ii) Was the prior action (CHECK ONE):
　　　　☐ Denied on the merits?
　　　　☐ Dismissed for procedural reasons?

　　(iii) Date of decision: _____

　　(b) Were any of the issues in this current petition also raised in the prior federal petition?
　　　　☐ Yes ☐ No

　　(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
　　　　☐ Yes ☐ No

**CAUTION:**
- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: PROSECUTOR MISCONDUCT AND ITS INVESTIGATING AGENCY EAVESDROPPING ON ATTORNEY & CLIENT PRIVILEGE COMMUNICATION VIOLATIONS of 1st, 5th 6th & 14 Amendment Prejudicing Defense.

**Supporting FACTS:** ⁽¹⁾The Imperial County and its Investigating Agency Calipatria Correctional officers, employees of California Department of Corrections be intentionally eavesdropping on Attorney and client privilege communication ... This is a wide spread illegal custom and practice in the Imperial County Superior Court, when 15 to 30 employees and coworkers of the Prosecutor Investigative Agency correctional officers under the umbrella of security a feet away be eavesdropping on Attorney and client privilege communication. Exhibit #1 Declaration of Jorge Guadarrama and Exhibit #2 Declaration of witnesses Jerome G. Jeter, Raymond Vailuu and Mauro Ruiz Declarations under the penalty of perjury witnesses The Investigating Agency and the Prosecutor eavesdropping on Attorney & client privilege communication.

(2) Calipatria State Prison, Department of corrections have a hybrid status thats part of the Imperial County's District Attorney's office thats well established in People v. Superior Court "Barret Cal. App. 4th Dist. 2001" 80 Cal. App. 4th 1305, 96 C.R. 2d 264, 271

**Did you raise GROUND ONE in the California Supreme Court?** See pg. 7-9 continue _____

☒ Yes ☐ No.

If yes, answer the following:

(1) Nature of proceeding (i.e., petition for review, habeas petition): Petition for Review

(2) Case number or citation: S160130

(3) Result (attach a copy of the court's opinion or order if available): Denied Ex# 5

CIV 68 (Rev. Jan. 2006)                                   -6-                                                    cv

N. 21. Stating The Prosecution team includes both investigative and prosecutorial Agencies and personal.

(3) This is a very unique Habeas Corpus in which California Department of Corrections, California State Prison is the Investigative Agency that filed charges on petitioner to the Imperial County District Attorney office which indicted petitioner and every time petitioner Attend Imperial County Superior Court, the Prosecutor Investigative Agency petitioner to sit in the Prosecutor Investigating Agency Hearing Range 2 feet Away in the Courtroom Jury Box when there is a Designated Attorney and client visiting Room for Attorney & client Privilege communication.

(4) on March 13, 2008 petitioner Again complain of the eavesdropping by the Investigating Agency and The Imperial County Prosecutor but the use of the Court Room Jury Box to eavesdrop on Attorney & client privilege communication Has not ceased.

(5) The Prosecutor is orchestrating and eavesdropping on Attorney and client Privilege communication Resulting in the Acquisition of confidential Information and deletion of inmate witnesses names and CDC numbers in the CRIME Incident Report. Exhibit # 3 inmate witnesses names are missing and The listing of inmate witnesses names. and numerous witnesses that are inmates can not be located see Exhibit # 4 witnesses can not be located without CDC numbers. Prejudice to petitioner from Calling Any inmate witnesses to court.

(6) Petitioner Have a Right to Attorney and client privilege communication free from the Prosecutor and its investigative Agency eavesdropping which is making petitioner choose between Constitutional Right to Remain silent under the 5th Amendment of the U.S. Constitution or incriminate myself and no one should have to choose between constitutional Rights guaranteed.

(7) This eavesdropping and violation of Attorney and Client privilege is so out of control it is allowing the prosecute Agency to listen to confidential Attorney and client privilege communicating Resulting in extreme prejudice, inmate witness being transfer. unable to locate and knowing who in Advance which witnesses will be call to court prejudice and depriving petitioner 6th Amendment Right under the United States constitution to the compulsory process for obtaining witnesses in petitioner favor.

(8) Imperial County District Attorney's and its Investigating Agency Calipatria State Prison correctional officers are eavesdropping on Attorney and client privilege communication which is the oldest privilege known to common Law Protected under the 1st Amendment Right of the United States Constitution.

## — CASE LAW IN SUPPORT —

Where the Prosecutor orchestrates an eavesdropping upon privilege Attorney-Client communication in the courtroom and Acquires confidential Information the court Conscience is shocked and dismissal is the Appropriate Remedy. Even when the issue is narrowed to a sixth Amendment violation dismissal is still Appropriate because here there is a substantial threat of demonstrated prejudice as a matter of Law. United States v. Morrison (1981) 449 U.S. 361, 365. 101 S.Ct. 665, 66 Led 2d 564, 569.

The Government may not covertly intercept or overhear conversation between and Accused and his Counsel. In Re Benny "N.D. Cal. 1983" 29 B.R. 754.

State Law states' The Prosecutor may not use the courtroom as a place to intentionally and surreptitiously listen and eavesdrop upon defendants Conversation with his Attorney and indeed eavesdropping on

Attorney and Client communication is inapproprinte anywhere and can not be tolerated. Morrer v. Superior court" App. 2 Dist. 1994" 36 Cal. Rptr. 2d 210, 30 Cal. App. 4th 1252.

## - RELIEF -

(a) Evidentiary Hearing be held with the subpoena of transcripts for March 13, 20, 2008, complaint about eavesdropping Again and the subpoena of witness Attorney Donald L. Scoville, 1005 State street, El Centro, Calif. 92244 as a main witness and petitioner Request a court Appointed Attorney to Represent petitioner interest for the truth of the matter with the subpoena of inmate witnesses to eavesdropping and did the eavesdropping Result in privilege communication Resulting in Acquisition of confidential information and is a dismissal of all charges and indictment Approprinte on petitioner and others that have been effected.

(b) The court order such further Relief as maybe Approprinte in the interest of Justice.

Dated: June 4, 2008

Respectfully submitted,

Michael E. Allen

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

   (a)  Name of Court: _____

   (b)  Case Number: _____

   (c)  Date action filed: _____

   (d)  Nature of proceeding: _____

       _____

   (e)  Name(s) of judges (if known): _____

   (f)  Grounds raised: _____

       _____

       _____

       _____

       _____

   (g)  Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

   (a)  At preliminary hearing: _No preliminary hearing was indicted_

   (b)  At arraignment and plea: _Donald L Scoville, 1005 state street El Centro, Calif. 92244_

   (c)  At trial: _SAME AS Above_

   (d)  At sentencing: _SAME AS Above_

   (e)  On appeal: _file writ of mandate myself_

   (f)  In any post-conviction proceeding: _____

   (g)  On appeal from any adverse ruling in a post-conviction proceeding: _____

CIV 68 (Rev. Jan. 2006)

cv

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:
   _____

   (b) Give date and length of the future sentence: _____
   _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   ☐ Yes  ☐ No

28. Consent to Magistrate Judge Jurisdiction

   In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

   The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

   You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.     **OR**     ☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

**29.** Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

_____ June 4th 2008 _____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_____ 6/4/08 _____          _____

(DATE)                                    SIGNATURE OF PETITIONER

EXHIBIT #1

DECLARATION IN SUPPORT OF STATEMENT
IN SUPPORT OF MICHAEL E. ALLEN, CAUSE OF ACTION

I, JORGE GUADARRAMA DECLARE:

I OBSERVED AND WITNESSED AS A PRISONER ATTENDING IMPERIAL COUNTY SUPERIOR COURT, EL CENTRO, AS A CALIPATRIA STATE PRISON, PRISONER I SEEN MICHAEL E. ALLEN'S, ATTORNEY ALLOWING, ATTORNEY AND CLIENT COMMUNICATION IN THE COURTROOM JURY BOX, IN THE PRESENCE OF 15 TO 20 CALIFORNIA DEPARTMENT OF CORRECTIONS PEACE OFFICER'S 2 TO 3 FEET AWAY EAVESDROPPING ON ATTORNEY AND CLIENT COMMUNICATION, WITH TIMOTHY J. REILLY, DEPUTY PUBLIC DEFENDER NOT TAKING ANY ACTION TO PREVENT EAVESDROPPING, BY INVESTIGATING AGENCY C.D.C.R, CALIPATRIA PEACE OFFICER'S. THIS IS A WIDE SPREAD PROBLEM WITH ALL PRISONER'S AT CALIPATRIA STATE PRISON, WE DO NOT HAVE ANY PRIVACY FOR ATTORNEY AND CLIENT COMMUNICATION, THIS EXTENDS TO ATTORNEY AND CLIENT VISITS AT CALIPATRIA STATE PRISON, WHEN PRISONER'S IN ADMINISTRATION SEGREGATION MUST DISCUSS ATTORNEY AND CLIENT INFORMATION OVER INMATE MONITER TELEPHONES WITH THE INVESTIGATING AGENCY C.D.C.R EAVESDROPPING, THE SAME AGENCY THAT FILED CHARGES, AND HAVE A DISTRICT ATTORNEY'S LIAISON OFFICE WITH IMPERIAL COUNTY DISTRICT ATTORNEY'S OFFICE.

TIMOTHY J. REILLY, AND OTHER ATTORNEY'S ALLOWED THIS ATTORNEY AND CLIENT VIOLATION'S NOT PROTECTING CLIENT RIGHTS.

SOMETYPE OF INJUNCTION AND DECLARATORY RELIEF IS NEEDED TO PREVENT THE ABOVE, A CLEAR VIOLATION OF RIGHT'S.

VERIFICATION

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT UNDER THE LAWS OF THE STATE OF CALIFORNIA. EXECUTED THIS TWENTY NINTH DAY OF OCTOBER, 2007, CALIPATRIA, CALIFORNIA.

RESPECTFULLY SUBMITTED,

DECLARANT

23

EXHIBIT # 2

DECLARATION IN SUPPORT OF STATEMENT
OF MICHAEL E. ALLEN'S CAUSE OF ACTION

I  Below witness, Declare:

ON NUMEROUS OCCASSIONS while Attending Imperial County Superior Court in El Centro, as a Calipatria State Prison Prisoner, I notice during Attorney and Client communication in the Jury Box of the courtroom. There is 15 TO 20 Calipatria Department of Corrections Peace officer's 2 to 3 feet away eavesdropping over hearing attorney and client communication when CDCR Peace officers are the investigating Agency. This breach of Attorney and Client communication extends to the Attorney & Client visits at Calipatria State Prison, when Administration Segregation Prisoners must discuss Attorney and Client information over a inmate monitor telephone, monitored by the Investigating Agency CDCR Calipatria, the same Investigating Agency CDCR that filed charges and have a District Attorney's Liaison office with the Imperial County District Attorney's office's.

Prisoners have a Right to Attorney & Client communication and I have witness this Right under Pen Code 2601 is not being protected by Attorney's and Attorney's turning a blind eye and some type of Injunction and Declaratory Relief is need to prevent the above violations of Rights.

Dated: 10-29-07          Respectfully Submitted,                    Respectfully submitted,

JEROME GENE JETER (#J-18281)                    Raymond Vailuu # P-507
_____name_____                                              ____name____

name MAURO RUIZ # E50797                          name _____

name _____                                name _____

— VERIFICATION —

I declare under the penalty of Perjury the foregoing is true and correct under the laws of the state of California. Executed this 29th Day of October 2007, Calipatria, California, Imperial County.

Submitted Signatures

_Jerome H Jeter_                                    _Raymond Vailuu_  # P50778
         Declarant                                              Declarant

25

EXHIBIT #3

STATE OF CALIFORNIA
**CRIME / INCIDENT REPORT**
**PART C- STAFF REPORT**
CDC 837-C (Rev. 09/03)

DEPARTMENT OF CORRECTIONS

PAGE _____ OF _____

INCIDENT LOG NUMBER
CAL-BY-05-04-0239

| NAME: LAST | | FIRST | | MI | DATE OF INCIDENT | TIME OF INCIDENT |
|---|---|---|---|---|---|---|
| Ruan | | Manuel | | E | 04-25-05 | 1035 |

| POST # | POSITION | YEARS OF SERVICE | | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|---|
| 020081 | Facility D Lieutenant | 17 YR. | 9 MO. | 04-25-05 | Facility B |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| T-F | 06-14 | Attempted Murder on a | 3005(c)  ☐ N/A |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) |
|---|---|---|
| ☐ PRIMARY | | |
| ☒ RESPONDER | | |
| ☐ WITNESS | | |
| ☐ VICTIM | | |
| ☐ CAMERA | | |

| FORCE USED BY YOU | WEAPONS USED BY YOU | | SHOTS FIRED BY YOU |
|---|---|---|---|
| ☐ WEAPON | ☐ MINI-14 | CHEM. TYPE: | TYPE: NO: NO: |
| ☐ PHYSICAL | ☐ 9 MM | ☐ OC | 37 MM _____ 9 MM _____ |
| ☒ NONE | ☐ 38 CAL | ☐ CN | L8 _____ 38 CAL _____ |
| | ☐ SHOTGUN | ☐ CS | 40 MM _____ MINI-14 _____ |
| FORCE OBSERVED BY YOU | ☐ 37 MM ☐ L8 | ☐ OTHER: _____ | 40 MULTI _____ |
| ☐ WEAPON | ☐ 40 MM ☒ 40 MULTI ☒ N/A | | ☒ N/A |
| ☐ PHYSICAL | ☐ HFWRS ☐ BATON | | SHOTGUN _____ |
| ☐ NONE | | | |

| EVIDENCE COLLECTED BY YOU | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| ☐ YES | | | ☐ YES | ☐ YES |
| ☒ NO | ☒ N/A | ☒ N/A | ☒ NO | ☒ NO |

| REPORTING STAFF INJURED | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| ☐ YES | | | ☐ BODILY ☒ N/A | ☐ YES |
| ☒ NO | ☐ N/A | ☒ N/A | ☐ UNKNOWN | ☒ NO |
| | | | ☐ OTHER: | |

NARRATIVE:

On Monday April 25 2005 While Attending a Use of Force Meeting at Wardens Conference Room, I Responded to a Code 3 Alarm on Facility B. Upon Arriving on B Facility I Observed all Inmates on Yard 1 & 2 down. Emergency Response Staff had the Situation (Lt. M. Greenwood) Under Control. I Reported to the Incident Commander and Asked if he Needed My Assistance, Lt. Greenwood Asked if I would Assist in Locking Up #/U 1 & 2. I Then Reported to Yard 1 and Assisted Sgt. H. Aguirre Supervise the Lock ->p of Inmates Returning

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE | BADGE # | ID # | DATE |
|---|---|---|---|---|
| | LT | 34096 | 174 2967 | 4-25-05 |

| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) | DATE RECEIVED | APPROVED | CLARIFICATION NEEDED | DATE |
|---|---|---|---|---|
| | 4-25-05 | ☒ YES ☐ NO | ☐ YES ☒ NO | 4-25-05 |

Distribution:   Original: Incident Package    Copy: Reporting Employee    Copy: Reviewing Supervisor

29

EXHIBIT #4

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| I-42389 | ALLEN | 04-05-DAR | CSP Cal. IV | |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☒ IE REPORT | ☐ OTHER_____ |

for I.E.

1) Official copy of my Psych file to show I am a part of the Mental Health Services. I request to have those submitted at my 115 hearing, for documents. **Note:** Not relevant for this 115, request records through proper procedure.

2) Ask the Psych is Post-Traumatic Stress Disorder a recurrent illness? **Note:** Not relevant to this 115.

3) A official copy of my CDC 812-b, notice of critical information to show I am not listed as a gang-member.

4) How was a allege Attempted Murder justified? **Note:** Not relevant for I.E. Report. SHO will determine at hearing.

The following questions asked by Inmate Allen.

**INMATE WITNESSES:**

The following question asked of Inmate Gainer, I-42216. ✗

Q: "Did you see Sgt. Williams in ASU or one of her officers find a knife on the tier on 4/25/05, Yes or No?"
A: "
**Note:** Inmate transferred, unable to contact.

The following question asked of Inmate Jones, bldg. #3. ✗

Q: "On 4/25/05, didn't you see me at all times prone out on the ground?"
A: "
**Note:** There is no Inmate Jones in B3-106, without CDC# this I.E. is unable to identify.

The following question asked of an Inmate in bldg. #3, the cellmate of Fitzpatrick.

Q: "On 4/25/05, didn't you see me prone out on the ground not involved in any incident, Yes or No?"
A: "
**Note:** This I.E. is unable to identify this Inmate.

The following question asked of Inmate T. Kenny, I-11120. ✗

Q: "Isn't it true on 4/25/05, you seen me prone out at all times, yes or No?"
A: "
**Note:** Paroled. Unable to contact.

(Continued on next page)

D. H

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| S. JELAN, CORRECTIONAL OFFICER | |

| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| | | |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE |

EX# 13

CDC 115-C (5/95)



OSP 99 25082

STATE OF CALIFORNIA

**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-42389 | ALLEN | 04-05-67-A | CSP CAL IV | |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☒ IE REPORT  ☐ OTHER_____

The following question asked of Inmate George Chavez, Bldg. #5, cell-125. X

Q: "Isn't it true on 4/25/05, you seen me prone out at all times, Yes or No?"
A: "
**Note:** Unable to identify.


**ADDITIONAL INFORMATION:** I would like gathered by the I.E.  Need to know their names, no records on I.M.

I would like to know the names of the inmates in 3 building, Cell 237 on 4/25/05, that was also taken to the (hole) for this alleged incident?  (they was also in ASU G. Pod 174, and I think they are on C Yard now).  **Note:** These names are included in your incident report.

When you find them, ask them this question:

Q1: "Did c/o Hughey lie on your 115 and say you was involved in a altercation with staff on 4/25/05, Yes or No?"
A1: "
**Note:** Hughey's answer to their 115's are not relevent to Allen's 115.

Q2: "And on to this lie, did the L.T. reduce your 115, Yes or No?"
A2: "
**Note:** The findings of their 115's are not relevent to Allen's 115.


**STAFF WITNESSES:**


**Questions for c/o Steele.**

Q1: "On 4/25/05, approximately how many inmates was on the yard, was it 200 to 300?"
A1: "

Q2: "At no time in your incident report on 4/25/05, did you mention Inmate Allen being in any incident contact, Yes or No?"
A2: "

Q3: "In your incident report dated 4/25/05, you stated, 'You turn to the left and saw multiple inmates assaulting c/o Hughey, Yes or No?"
A3: "

Q4: "In your incident report dated 4/25/05, when you turn to the left and saw multiple inmates assaulting c/o Hughey, you never mention in your report identifying Inmate Allen as one of those inmates allegedly assaulting c/o Hughey, true or false?"
A4: "

(Continued on next page)

D.A

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| S. JEHAN, CORRECTIONAL OFFICER | | 11-18-05 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| | 11/ / | |

☐ COPY OF CDC 115-C GIVEN TO INMATE

CDC 115-C (5/95)

PG#12

OSP 99 25082

3389

EXHIBIT #5

Court of Appeal, Fourth Appellate District, Div. 1 - No. D052197
**S160130**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

MICHAEL E. ALLEN , Petitioner,

v.

SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

The application for stay and petition for review are denied.

SUPREME COURT
# FILED

FEB 1 3 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

## VERIFICATION

STATE OF CALIFORNIA
COUNTY OF IMPERIAL

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Michael E. Allen_ DECLARE UNDER THE PENALTY OF PERJURY
THAT : I AM THE _Petitioner_ IN THE ABOVE ENTITLED ACTION;
I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS
TRUE OF MY OWN KNOWLEDGE , EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND
BELIEF, AND AS TO THOSE MATTERS , I BELIEVE THEM TO BE TRUE.

EXECUTED THIS _4th_ DAY OF _June_ , 200_8_, AT CALIPATRIA
STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

(SIGNATURE) _Michael E. Allen_

(DECLARANT/PRISONER)

## PROOF OF SERVICE BY MAIL

( C.C.P. SEC. 1013 (a) & 2015.5; 28 U.S.C. SEC. 1746 )

I, _Michael E. Allen_ , AM A RESIDENT OF CALIPATRIA STATE PRISON, IN THE COUNTY
OF IMPERIAL, STATE OF CALIFORNIA; I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE AND AM/AM
NOT A PARTY OF THE ABOVE-ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 5002,
CALIPATRIA, CALIFORNIA 92233-5002

ON _June 4th_ ,200_8_, I SERVED THE FOREGOING:

_Petition for writ of Habens Corpus  2254_

(SET FORTH EXACT TITLE OF DOCUMENT IS SERVED)
ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE
(S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO
PROVIDED AT CALIPATRIA STATE PRISON, CALIPATRIA, CALIFORNIA 92233-5002

_Edmond G. Brown, Attorney General_
_1300 I  Street_
_Sacramento, Calif. 95814_

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS
REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO
ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: _6/4/08_ , 20_ , _Michael E. Allen_